IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JAMES A. TATE, | Cause No. CV 21-02-H-SEH |
| Petitioner, | |
| | ORDER |
| vs. | |
| PETER BLUDWORTH; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

On January 11, 2021, Petitioner James A. Tate ("Tate") filed a petition for

habeas corpus relief under 28 U.S.C. § 2254.[1]

## I.    Procedural History

Tate was sentenced in Montana State Court on January 15, 2019, for a fifth

felony Driving Under the Influence offense.[2] In 2020, Tate filed a petition for writ

of habeas corpus with the Montana Supreme Court alleging: (1) that he was

---

[1] *See* Doc. 1.
[2] *See* Doc. 1. at 9; *see also* Doc. 1-1 at 2.

serving a false sentence; (2) that Montana Board of Pardons and Parole ("the Board") should have granted him parole; and (3) that his sentence violated double jeopardy principles.[3]

The Montana Supreme Court determined: (1) Tate was not serving a false sentence; (2) that Tate's remaining arguments lacked merit; and (3) that Tate was free to reapply for placement in a pre-release center ("PRC") and if denied placement in a PRC, he could reapply for an appearance before the Board.[4] The petition was denied.

## II.   Tate's Claims

This Court may entertain a petition for a writ of habeas corpus on "behalf of a person in custody by reason of judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[5] No viable basis to entertain the habeas petition is pleaded.

Tate reiterates his claim that the Board violated his parole opportunity by including a false sentence regarding a purported revocation in his file, which prevents his placement in a PRC.[6] He also asks this Court to: (1) dismiss his current charge with prejudice due to a purported double jeopardy violation; (2)

---

[3] *See* Doc. 1-3.
[4] Doc. 1-3 at 2.
[5] 28 U.S.C. §2254(a).
[6] Doc. 1. at 9

order his immediate release from custody; and (3) commute the remainder of his 5-year sentence.[7]

Tate's transfer to the Missoula Pre-Release Center renders his claim moot.[8] To the extent that he believes there is misinformation in his parole file, that issue involves the interpretation and application of state law and administrative rules, not subject to review by this Court.[9]

The Montana Supreme Court's denial of Tate's state habeas petition was not objectively unreasonable. This Court must afford deference to that decision.[10]  The petition is denied.

## III.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the applicant."[11]  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right."[12]  In this case, however, Tate has not made a substantial showing that he was deprived of a constitutional right.

Further, because Tate has not met his burden of overcoming AEDPA's deferential standard, reasonable jurists would find no basis to encourage further

---

[7] Doc. 1. at 9

[8] *See* Doc. 3.

[9] *See Mendez v. Small*, 298 F. 3d 1154, 1158 (9th Cir. 2002).

[10] *See* 28 U.S.C. §2254(d).

[11] *See* Rule 11(a), Rules Governing § 2254 Proceedings.

[12] 28 U.S.C. § 2253(c)(2).

proceedings.  A certificate of appealability is denied.

ORDERED:

1. Tate's petition[13] is DENIED on the merits.

2. A certificate of appealability is DENIED.

DATED this ___7th___ day of May, 2021.

Sam E. Haddon
United States District Court Judge

---

[13] Doc. 1

4